ASP

FILED

SEP 1 1 2024

AT 8:30 M
CLERK, U.S. DISTRICT COURT - DNJ

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. J. Brendan Day |
| | : | |
| v. | : | Magistrate. No. 24-5029 (JBD) |
| | : | |
| PEDRO MARTINEZ | : | **CRIMINAL COMPLAINT** |
| | : | |

I, Jonathan Lluberes, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Drug Enforcement Administration, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

Jonathan Lluberes, Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence on this 11th day of September, 2024 in Trenton, New Jersey.

Hon. J. Brendan Day
United States Magistrate Judge

## ATTACHMENT A

### Count One
### (Possession with Intent to Distribute a Controlled Substance)

On or about September 10, 2024, in Ocean County, in the District of New Jersey, and elsewhere, the defendant,

**PEDRO MARTINEZ,**

did knowingly and intentionally possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

**ATTACHMENT B**

I, Jonathan Lluberes, am a Special Agent with the Drug Enforcement Administration ("DEA"). I have knowledge of the facts set forth below as a result of my participation in this investigation as well as from my review of reports, documents, and other evidence from, and discussions with, other law enforcement personnel. Where statements of others are related herein, they are related in substance and in part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about September 5, 2024, the United States Department of Homeland Security, Customs and Border Patrol ("CBP"), conducted a random search of a pallet containing approximately twenty-eight (28) packages (the "Pallet") as part of its authority to inspect items arriving in the United States at John F. Kennedy International Airport. During the course of its inspection and search of the Pallet, CBP located a smaller parcel contained in the Pallet with a recipient and delivery address listed as: Noe Perez Carranza, "34 Chelsea Rd, Jackson, New Jersey 08527" (the "Parcel"). A lawful search of the Parcel revealed that the Parcel contained approximately six (6) kilograms of a substance that field tested positive for the likely presence of cocaine, a Schedule II controlled substance.

2. Through further investigation, law enforcement identified Company A as the owner of the Pallet. The owner of Company A ("Individual 1") identified Company B as the intended intermediate recipient of the Parcel. The owner of Company B ("Individual 2") identified Pedro Martinez ("MARTINEZ") as the ultimate intended recipient of the Parcel.

3. On or about September 10, 2024, law enforcement arranged for the Parcel, from which law enforcement had removed the cocaine, to be delivered by Individual 2 to MARTINEZ. When MARTINEZ arrived at Company B's office in Lakewood, New Jersey, he took the Parcel from Individual 2, placed it on the rear seat of his vehicle, and departed from the area. Law enforcement maintained constant surveillance of MARTINEZ as he departed the Lakewood area.

4. Shortly after departing from the area, MARTINEZ pulled his vehicle over onto the side of the road before placing the vehicle in park. At that point, surveilling law enforcement approached MARTINEZ, and asked him for consent to search his vehicle. MARTINEZ provided oral and written consent for law enforcement to search the vehicle. During the subsequent search, law enforcement recovered the Parcel from the rear seat of MARTINEZ's vehicle. MARTINEZ was then placed under arrest.

5. Following his arrest, MARTINEZ waived his *Miranda* rights in writing and agreed to a voluntary interview with law enforcement. During that interview, MARTINEZ admitted, in sum and substance, that he knew the Parcel contained a controlled substance, and that at the direction of an individual located in Mexico ("Individual 3"), MARTINEZ intended to deliver the Parcel to another individual in New York ("Individual 4") later that evening. MARTINEZ further told law enforcement that he (MARTINEZ) expected to receive approximately $400 in exchange for his delivery of the Parcel to Individual 4 in New York, whom MARTINEZ stated he did not know. During the interview, MARTINEZ also admitted, in sum and substance, that he had on approximately six (6) prior occasions delivered packages containing controlled substances to New York at the direction of Individual 3, on each occasion which MARTINEZ further stated he was paid a fee similar to the fee he was paid for the September 10 delivery.